**From:** Elliot Schiff [mailto:eschiff@schiff-law.com]
**Sent:** Friday, October 07, 2016 11:50 AM
**To:** John Duffy
**Cc:** Mark Schramm (marsch500@gmail.com)
**Subject:** Amos

John, attached is a Complaint we filed today.   Let me know if you will waive service.

On a separate note,  in that GWC case, the trucking company fired Montgomery.   Montgomery is defending himself and apparently also defending Hanson Williams.    The trucking company offered a walk away – i.e. YRC drops its sanction motion against GWC and Ruder and GWC drops its sanction motion against YRC, Montgomery, Williams and Reiter.  GWC rejected the offer.

Elliot R. Schiff
Schiff, Gorman LLC
1 E. Wacker Drive
Suite 1100
Chicago, IL 60601
Telephone:   312-345-7202
E-Mail: eschiff@schiff-law.com
www.schiff-law.com

1

# EXHIBIT A

ELECTRONICALLY FILED
10/7/2016 10:43 AM
2016-L-009929
CALENDAR: A
PAGE 1 of 4
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Firm No.: 48852

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| AHAJI AMOS, ) | |
| ) | |
|     **Plaintiff** ) | |
|       v. ) | |
| ) | Case No.: |
| ) | |
| ) | |
| BROWN & FORTUNATO, PC ) | |
| JEFFREY BAIRD, ALFONSO ) | |
| ZAMBRANO, JR. and CHARLES ) | |
| NATHAN FISH, ) | |
|     **Defendants** ) | |

**COMPLAINT**
**(Legal Malpractice)**

Now comes the plaintiff, AHAJI AMOS, (hereinafter "AMOS") through her counsel, SCHIFF GORMAN, LLC, and for her Complaint against defendants BROWN & FORTUNATO, PC, (hereinafter "BROWN") JEFFERY BAIRD, ALFONSO ZAMBRANO, JR. and CHARLES NATHAN FISH states as follows:

1. This case is a refiling of a case originally filed as case number 16 C 995 in the United States District Court, Northern District of Illinois, which was voluntarily dismissed on March 24, 2016

2. At all relevant times, plaintiff AMOS was a resident of Chicago, Cook County, Illinois.

3. At all relevant times, defendant BROWN & FORTUNATO, PC was a Law Firm with its main office in Amarillo, Texas, but whose national areas of practice included, among other things, advising and representing individuals, including plaintiff AMOS, in the purchase of certain medical equipment companies, including medical equipment companies located on Chicago, Cook County, Illinois.

4. At all relevant times, defendants BAIRD, ZAMBRANO, JR., and FISH were either shareholders of defendant BROWN & FORTUNATO, or were employed as associate attorneys, or otherwise employed as attorneys by BROWN & FORTUNATO.

1

# EXHIBIT A

ELECTRONICALLY FILED
10/7/2016 10:43 AM
2016-L-009929
PAGE 2 of 4

5. On or about July 8, 2014, AMOS retained BROWN to represent her in all aspects of AMOS' purchase of US Medical Supplies, Inc., a medical equipment company whose principal place of business was and is Chicago, Cook County, Illinois.

6. At all times relevant herein, defendants BAIRD, ZAMBRANO, JR., and FISH performed certain legal work in furtherance of the work that AMOS had retained BROWN to perform, and when providing legal services on behalf of plaintiff, BAIRD, ZAMBRANO, JR., and FISH all acted within the scope of authority permitted by BROWN & FORTUNATO.

7. At the time defendant BROWN & FORTUNATO, and through them , the individual defendant attorneys BAIRD, ZAMBRANO, JR. and FISH was retained, in 2014, and at all times thereafter, it was defendants' duty to exercise an ordinary and reasonable level of skill and care used by reasonably well qualified attorneys in this jurisdiction on behalf of plaintiff.

8. Notwithstanding said duty, Defendants and each of them deviated from their duty and failed to adhere to the standard of care of reasonably well qualified attorneys practicing in this jurisdiction, and were thereby negligent in one or more of the following ways:

    a) failed to properly undertake the required "due diligence" review of the financial condition and other representations made by US Medical, Inc. in advance of the closing of AMOS' purchase of same on October 8, 2014; or

    b) failed to properly draft the subject Stock Purchase Agreement in a way that protected their client, plaintiff AMOS, in the event of erroneous pre-closing representations; or

    c) failed to fully advise plaintiff AMOS regarding various terms of the subject Stock Purchase Agreement, including, but not limited to the effect of a "non-reliance" clause contained on the Stock Purchase Agreement;

    d) failed to properly research Illinois law regarding whether an approved Medicaid provider enrollment number ("Medicaid number") could be transferred in this transaction; or

2

**EXHIBIT A**

ELECTRONICALLY FILED
10/7/2016 10:43 AM
2016-L-009929
PAGE 3 of 4

  e)  failed to determine that, in Illinois, a "Medicaid number" could not be simply transferred to a new owner when, as here, there was more than a 51% change in stock ownership; or

  f)  failed to advise plaintiff AMOS that US Medical's prior "Medicaid number" was not transferable in this transaction, and that plaintiff AMOS would need to apply for a new Medicaid number in order to transact that business of US Medical, Inc.; or

  g)  failed to fully explain the documents that were being executed in advance of, and at the closing in order for plaintiff to make an informed decision; or

  h)  failed to explain and advise as to the results of what "due diligence" had been performed, and any concerns regarding same, in order for plaintiff to make an informed decision.

  9.  But for the acts and omissions of the defendants herein, plaintiff AMOS would not have entered into, continued with, or finalized the purchase of US Medical., Inc., and would have thus avoided the damages resulting from that purchase.

  10.  As a result of the conduct of defendants BROWN & FORTUNATO, PC, JEFFERY BAIRD, ALFONSO ZAMBRANO, JR. and CHARLES NATHAN FISH, plaintiff AMOS has sustained and continues to sustain actual damages including loss of investment, payment of unnecessary fees, payment of unnecessary taxes and expenses, and other financial damages arising out of her purchase of US Medical, Inc.

  WHEREFORE, Plaintiff AHAJI AMOS requests judgment in her favor and against defendants BROWN & FORTUNATO, PC, JEFFERY BAIRD, ALFONSO ZAMBRANO, JR. and CHARLES NATHAN FISH, in an amount in excess of fifty thousand (($50,000.00) dollars plus the costs of this action.

                 **Respectfully Submitted,**
                  **SCHIFF, GORMAN, LLC**

                  **By:** __/s/ Elliot R. Schiff_____

Elliot R. Schiff, Esq.  312-345-7202  eschiff@schiff-law.com
Mark A. Schramm, Esq. 312-345-7204  marsch500@gmail.com
**Schiff, Gorman, LLC**
One East Wacker Drive
Suite 1100
Chicago, IL 60601
(312) 345-7200

# EXHIBIT A

## AFFIDAVIT PURSUANT TO RULE 222(b)

ELLIOT R. SCHIFF, states as follows:

1. I am one of the attorneys for the above named Plaintiff.

2. I am familiar with the extent of damages suffered by the above named Plaintiff.

3. I reasonably believe that the total money damages suffered by plaintiffs in this cause exceed $50,000.00 exclusive of costs.

                              s/Elliot R. Schiff
                              Elliot R. Schiff, Esq.
                              One of the Attorneys for the Plaintiff

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that at this time the statements set forth in this instrument are true and correct to the best of my knowledge, information and belief.

                              s/Elliot R. Schiff

Elliot R. Schiff, Esq.
**SCHIFF GORMAN LLC**
One East Wacker Drive
Suite 1100
Chicago, Illinois 60601
312-345-7202
eschiff@schiff-law.com

ELECTRONICALLY FILED
10/7/2016 10:43 AM
2016-L-009929
PAGE 4 of 4

# EXHIBIT A